JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
        E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
        E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
        E-mail: mchaney@johnsonpham.com
Hung Q. Pham, SBN: 276613
        E-mail: ppham@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone: (818) 888-7540
Facsimile: (818) 888-7544

Attorneys for Plaintiff
BOSE CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| BOSE CORPORATION, a Delaware Corporation,<br><br>                Plaintiff,<br><br>        v.<br><br>BESIA, LLC, a Texas Limited Liability Company; DJ DREAM ELECTRONIC, LLC, a Texas Limited Liability Company; YONG WANG, an Individual; and DOES 1-10, Inclusive,<br><br>                Defendants. | Case No.: 2:20-cv-04311<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114/*Lanham Act* § 32(a)]**<br>**(2) FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION/FALSE OR MISLEADING ADVERTISING [15 U.S.C. § 1125(a)]/*Lanham Act* § 43(a)**<br>**(3) TRADEMARK DILUTION [15 U.S.C. § 1125(c)]**<br>**(4) UNFAIR BUSINESS PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS CODE* § 17200]**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff BOSE CORPORATION ("BOSE"), a Delaware Corporation, hereby allege as follows:

### PARTIES

1.    Plaintiff BOSE is now, and was at the time of the filing of this Complaint and at all intervening times, a Delaware Corporation duly authorized, registered, and licensed to conduct business in the State of California, with its corporate headquarters at 100 The Mountain, Framingham, Massachusetts 01701.

2.    Plaintiff BOSE alleges, on information and belief, that BESIA, LLC ("BESIA"), is now, and was at the time of filing this Complaint, a Texas Limited Liability Company, with the address of 2949 Jowett Drive, Plano, Texas 75025, and operates at the address 617 Pearl Street, San Gabriel, California 91776-2617.

3.    Plaintiff BOSE is informed and believes that now, and at all times relevant to this Complaint, Defendant BESIA conducts business through multiple platforms and under other aliases, including but not limited to the names "Johnson" and "Robert," and using the www.ebay.com ecommerce storefront under the IDs "djdream-888," and "electronic-888."

4.    Plaintiff BOSE is informed and believes that, at the time of its creation, now, and at all times relevant to this Complaint, Defendant BESIA did not and does not have sufficient funding to assume responsibility for its foreseeable and actual liabilities.

5.    Plaintiff BOSE is informed and believes that since the time of its creation, now, and at all times relevant to this Complaint, Defendant BESIA was undercapitalized.

6.    Plaintiff BOSE is informed and believes that since the time of its creation, now, and at all times relevant to this Complaint, Defendant BESIA has failed to observe corporate formalities required by law.

7.    Plaintiff BOSE alleges, on information and belief, that DJ DREAM ELCTRONIC, LLC ("DJ"), is now, and was at the time of filing this Complaint, a

Texas Limited Liability Company, with the address of 2949 Jowett Drive, Plano, Texas 75025.

8.   Plaintiff BOSE is informed and believes that now, and at all times relevant to this Complaint, Defendant DJ conducts business through multiple platforms and under other aliases, including but not limited to the name "Johnson," and using the www.ebay.com ecommerce storefront under the IDs "besiaw-9," "djdream-888," and "electronic-888."

9.   Plaintiff BOSE is informed and believes that, at the time of its creation, now, and at all times relevant to this Complaint, Defendant DJ did not and does not have sufficient funding to assume responsibility for its foreseeable and actual liabilities.

10.   Plaintiff BOSE is informed and believes that since the time of its creation, now, and at all times relevant to this Complaint, Defendant DJ was undercapitalized.

11.   Plaintiff BOSE is informed and believes that since the time of its creation, now, and at all times relevant to this Complaint, Defendant DJ has failed to observe corporate formalities required by law.

12.   Plaintiff BOSE is informed and believes that Defendant YONG WANG ("WANG") is now, and was at the time of filing this Complaint, an individual conducting business and residing at the address of 2949 Jowett Drive, Plano, Texas 75025,

13.   Plaintiff BOSE is informed and believes that Defendant WANG is the owner or president, and operator of Defendants BESIA and DJ.  Plaintiff BOSE is further informed and believes that Defendant WANG also conducts business under other aliases individually, including but not limited to the name "TINA," and using the www.ebay.com ecommerce storefront under the ID "buylowbuy."

14.   Plaintiff BOSE is informed and believes that Defendant WANG controls, personally directed, and benefited from the infringing activities of

Defendants BESIA and DJ, and as such, is the alter egos for Defendants BESIA and DJ.

15.    The true names and capacities, whether individual, corporate, associate or otherwise, of defendants herein named as DOES 1-10, inclusive, are unknown to Plaintiff BOSE.  Plaintiff BOSE, therefore, sues said defendants by such fictitious names.   When the true names and capacities of said defendants have been ascertained, Plaintiff BOSE will amend this pleading accordingly.

16.    Plaintiff BOSE further alleges that Defendants BESIA, DJ, WANG, and DOES 1-120, inclusive, sued herein by fictitious names, are jointly, severally and concurrently liable and responsible with the named Defendants upon the causes of action hereinafter set forth and shall henceforth be referred to collectively as "Defendants."

17.    Plaintiff BOSE is further informed and believes and thereon alleges that at all times mentioned herein Defendants, and DOES 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

## JURISDICTION/VENUE

18.    This Court has subject matter jurisdiction over the First through Third causes of action (violation of the *Lanham Act*) pursuant to 15 U.S.C. § 1121 and/or 28 U.S.C. §§ 1331 and/or 1338(a).

19.    This Court has supplemental subject matter jurisdiction over the Fourth cause of action pursuant to 28 U.S.C. § 1367(a) over Plaintiff BOSE's other claim arising under the laws of California because such claim is so related to the claims within such original jurisdiction that they form part of the same case or controversy.

20.    This Court has general personal jurisdiction over Defendants BESIA, DJ, and WANG inasmuch as they jointly, severally, concurrently, and

1   collaboratively conduct business in the State of California and operate at the address
2   617 Pearl Street, San Gabriel, California 91776-2617.

3       21.    Venue is proper, inter alia, pursuant to 28 U.S.C. § 1391(b) because,
4   Plaintiff BOSE is informed and believes, and on that basis allege, that a substantial
5   part of the events or omissions giving rise to the claims occurred within this District,
6   in San Gabriel, California, and has caused damages to Plaintiff BOSE in this
7   District.

8                            **GENERAL ALLEGATIONS**

9              **Plaintiff BOSE and its Famous BOSE®-Branded Products**

10      22.    Plaintiff BOSE was founded in 1964 by Dr. Amar G. Bose. Through
11  extensive research and engineering, Plaintiff BOSE developed groundbreaking
12  audio technology and innovative products, including the Wave® radio,
13  QuietComfort® noise cancelling headphones, and SoundDock® digital music
14  system.

15      23.    Plaintiff BOSE designs, manufactures, and sells a wide array of high-
16  performance audio products for consumers and professionals. Plaintiff BOSE sells
17  its wide array of high-performance audio products through its authorized retail
18  stores, authorized dealers, and website, www.bose.com.

19      24.    Plaintiff BOSE's high-performance audio products include
20  professional loudspeakers, bookshelf speakers, factory-installed sound system
21  custom-designed for specific automobiles (e.g., Audi, Buick, Cadillac, Chevrolet,
22  GMC, Infiniti, Mazda, and Porsche to name a few), tabletop sound systems,
23  portable digital music systems, home theater systems, aviation headsets, around-ear
24  and over-ear noise cancelling headphones, in-ear sport headphones, and wireless
25  headphones.

26      25.    Plaintiff BOSE has built its reputation with an uncompromising
27  commitment to developing high-performance audio products that create exceptional
28  audio quality. It has spent substantial resources and effort to inform customers of

the benefits of Plaintiff BOSE's products and to develop consumer recognition and awareness of its trademarks in the United States and the world.  Through the extensive use of the Plaintiff BOSE's marks, Plaintiff BOSE has built up and developed substantial goodwill and enormous recognition in its entire product line throughout the United States and the world.

26.     Indeed, Plaintiff BOSE's BOSE® name and logo are widely recognized throughout the United States as a provider of high-quality audio products.

27.     Plaintiff BOSE is the exclusive owner of federally-registered and common law trademarks.  The following is a partial (non-exhaustive) list of the registered trademarks owned by Plaintiff BOSE ("BOSE's Marks"):

A.     BOSE®: Registration date October 19, 2010 (Reg. No. 3,863,254), for batteries, communication headsets for use with communication radios, intercom systems, or other communications networks transceivers; headphones; headsets for cellular or mobile phones, microphone;

B.     BOSE®: Registration date August 20, 1974 (Reg. No. 991,271), for loudspeaker systems;

C.     BOSE®: Registration date May 30, 1967 (Reg. No. 829,402) [Design Mark] acoustical transducer systems;

D.     Better Sound Through Research®: Registration date of April 27, 1993 (Reg. No. 1,767,324), for loudspeaker systems and music systems;

E.     SoundTouch®: Registration date December 16, 2014 (Reg. No. 4,656,755) for loud speaker systems, radios;

F.     BOSE®: Registration date of December 8, 1992 (Reg. No. 1,738,278), for printed matter, namely catalogs, newsletters, and brochures;

G.     BOSE®: Registration date of September 25, 1984 (Reg. No. 1,297,699) [Design Mark], for clothing;

/ / /

H.      BOSE®: Registration date of October 19, 2010 (Reg. No. 3,863,254), for batteries, intercom systems, headphones, headsets for mobile phones, and microphones;

I.      BOSE®: Registration date of March 13, 2018 (Reg. No. 5,423,514), for remote controls, mounts and mounting brackets, stands for speakers, and headphone accessories;

J.      SoundLink®:  Registration date November 24, 2009 (Reg. No. 3,716,864), for loudspeaker systems and USB (Universal Serial Bus) hardware; and

K.      WAVE®:  Registration date July 1, 2008 (Reg. No. 3,457,854), for music systems, compact disc players and digital music players.

28.    Plaintiff BOSE has never authorized or consented to the use of any of BOSE's marks or any confusingly similar marks by Defendants.

## DEFENDANTS' WRONGFUL CONDUCT

29.    Particularly in light of the success of Plaintiff BOSE's products, as well as the recognized outstanding reputation it has gained, Plaintiff BOSE's products have become targets for unscrupulous individuals and entities who wish to take a "free ride" on the substantial goodwill, reputation, and fame Plaintiff BOSE has established from its considerable investments, efforts, and resources to build up in each of its products and marks.

30.    Defendants use, amongst other things, their locations and services in California to import, warehouse, sell, and distribute counterfeit goods bearing Plaintiff BOSE's Marks to unknowing consumers.

31.    Beginning on a date unknown to Plaintiff BOSE, and continuing to the present, Defendants have, without the consent of Plaintiff BOSE, sold and distributed goods bearing Plaintiff BOSE's Marks, neither made by Plaintiff BOSE nor by a manufacturer authorized by Plaintiff BOSE (such goods are hereafter referred to as "Counterfeit Goods") using reproductions, counterfeits, copies and/or colorable imitations of one or more of the subject trademarks.  On information and

belief, Plaintiff BOSE further alleges that Defendants imported said Counterfeit Goods into the United States, or encouraged others to import said Counterfeit Goods into the United States, for the purpose of reselling the Counterfeit Goods in the United States.

32.    Defendants use, amongst other things, the Internet ecommerce website www.ebay.com ("eBay") to sell and distribute products to consumers, including counterfeit goods bearing Plaintiff BOSE's Marks.  At any given time, there are millions of items listed on eBay for purchase by its registered users.  On eBay, buyers are able to search for products and purchase these products electronically. eBay users have the option to purchase items in an auction-styled format where users bid on particular products or items, or an eBay user may employ eBay's "Buy It Now" program, whereby eBay users may purchase a particular item at a specified "buy it now" price.

33.    Many of the online commercial transactions accomplished by sellers such as Defendants are accomplished through the PayPal service provided by PayPal, Inc.  Through PayPal, purchasers of products can transfer funds to sellers electronically and online, from any PayPal account to any other PayPal account.

34.    Defendants WANG, BESIA, and DJ collectively collaborate and conduct business under the aliases "Johnson," "JOHNSON," "TINA," and "ROBERT"; using the eBay IDs "besiaw-9," "djdream-888," "electronic-888," and "buylowbuy"; and through the addresses of 2949 Jowett Drive, Plano, Texas 75025-6571 and 617 Pearl Street, San Gabriel, California 91776-2617.

35.    On May 2, 2019, in its ongoing investigation of sales of counterfeit products bearing BOSE's Marks, Plaintiff authorized the purchase of a "Bose Replace Remote Control for Wave Music System AWRCC1 AWRCC2 Black" from eBay seller ID "besiaw-9" for a cost of $8.42.  The purchase was effectuated using a PayPal electronic payment account.  The PayPal transaction detail receipt for this purchase identified DJ DREAM ELECTRONIC LLC as the payment

recipient and the contact email djdream888@gmail.com.

36.    The remote control purchased from Defendants was received in a package identifying the sender on the return address as Johnson, 2949 JOWETT DR, Plano TX 75025-6571.   The remote control purchased from Defendants contained Plaintiff BOSE's WAVE® mark on the product.  The purchased remote control was inspected by Plaintiff BOSE to determine authenticity and was confirmed that the item Defendants sold was in fact a counterfeit "Wave" remote control.

37.    On May 2, 2019, in its ongoing investigation of sales of counterfeit products bearing BOSE's Marks, Plaintiff authorized the purchase of a "Remote Control for Bose Sound Touch Wave Music Radio System (System I II III IV)" from eBay seller ID "djdream-888" for a cost of $8.37.   The purchase was effectuated using a PayPal electronic payment account.  The PayPal transaction detail receipt for this purchase identified DJ DREAM ELECTRONIC LLC as the payment recipient and the contact email djdream888@gmail.com.

38.    The remote control purchased from Defendants was received in a package identifying the sender on the return address as Johnson, 2949 JOWETT DR, PLANO TX 75025-6571.   The remote control purchased from Defendants contained Plaintiff BOSE's WAVE® mark on the product.  The purchased remote control was inspected by Plaintiff BOSE to determine authenticity and was confirmed that the item Defendants sold was in fact a counterfeit "Wave" remote control.

39.    On May 3, 2019, in its ongoing investigation of sales of counterfeit products bearing BOSE's Marks, Plaintiff authorized the purchase of a "Bose[black] Wave Remote Radio / CD Music System AWRCC1 AWRCC2 AWRCC3 WMSIII" from eBay seller ID "electronic-888" for a cost of $8.65.   The purchase was effectuated using a PayPal electronic payment account.  The PayPal transaction detail receipt for this purchase identified DJ DREAM ELECTRONIC LLC as the

COMPLAINT FOR DAMAGES

payment recipient and the contact email djdream888@gmail.com.

40.     The remote control purchased from Defendants was received in a package identifying the sender on the return address as JOHNSON, 2949 JOWETT DR, PLANO TX 75025-6571.  The remote control purchased from Defendants contained Plaintiff BOSE's WAVE® mark on the product.  The purchased remote control was inspected by Plaintiff BOSE to determine authenticity and was confirmed that the item Defendants sold was in fact a counterfeit "Wave" remote control.

41.     On August 30, 2019, Plaintiff BOSE's counsel sent a certified letter to Defendants' address at 2949 Jowett Dr., Plano, TX 75025, providing Defendants with a notice of infringement of Plaintiff BOSE's Marks based on its evidentiary buys of infringing "Wave" remote controls.  Pursuant to a signed return receipt, Defendants received Plaintiff BOSE's certified letter on September 3, 2019. Plaintiff BOSE's counsel also sent the notice of infringement letter via email to Defendants to their email address djdream888@gmail.com. Defendants did not respond to these correspondences.

42.     On September 23, 2019, Plaintiff BOSE's counsel sent a follow up notice of infringement email to Defendants to their email address djdream888@gmail.com and attached the August 30, 2019 cease and desist letter to the email as well.

43.     On September 27, 2019, Defendants replied to Plaintiff BOSE's counsel's September 23, 2019 email, confirming "Now I have removed the products that may harm the interests of BOSE."  Defendants further requested confirmation of representation and proof of registration of Plaintiff BOSE's marks, at which time, Defendants will have their attorney contact Plaintiff BOSE's counsel.

44.     On October 10, 2019, Plaintiff BOSE's counsel replied to Defendants' email response by providing copies of registration certificates for Plaintiff BOSE's WAVE® marks and identifying a URL link to a default judgment order for the

matter *Bose Corporation v. Jonas Joseph*, Case No. CV No. 15-2574 PA (JPRx) which identifies Plaintiff BOSE's counsel as counsel of record for the matter to substantiate the legal relationship.  Defendants did not respond to this email.

45.     Despite confirming receipt of Plaintiff BOSE's August 30, 2019 cease and desist letter, and responding to Plaintiff BOSE's September 23, 2019 notice of infringement email, Defendants continued to engage in the intentional infringement of Plaintiff BOSE's Marks.  On October 7, 2019, in its ongoing investigation of sales of counterfeit products bearing BOSE's Marks, Plaintiff authorized the purchase of a "New Replace Remote for Bose Wave Music System –Choose model(Black silver white)" from eBay seller ID "besiaw-9" for a cost of $6.39.  The purchase was effectuated using a PayPal electronic payment account.  The PayPal transaction detail receipt for this purchase identified DJ DREAM ELECTRONIC LLC as the payment recipient and the contact email djdream888@gmail.com.

46.     The remote control purchased from Defendants was received in a package identifying the sender on the return address as Johnson, 2949 JOWETT DR, Plano TX 75025-6571.  The remote control purchased from Defendants contained Plaintiff BOSE's WAVE® mark on the product.  The purchased remote control was inspected by Plaintiff BOSE to determine authenticity and was confirmed that the item Defendants sold was in fact a counterfeit "Wave" remote control.

47.     On October 7, 2019, in its ongoing investigation of sales of counterfeit products bearing BOSE's Marks, Plaintiff authorized the purchase of a "New Replace Remote for Bose Wave Music System III Radio/CD Music Audio AWRCC1 AWRCC2/3" from eBay seller ID "djdream-888" for a cost of $6.59. The purchase was effectuated using a PayPal electronic payment account.  The PayPal transaction detail receipt for this purchase identified DJ DREAM ELECTRONIC LLC as the payment recipient and the contact email djdream888@gmail.com.

COMPLAINT FOR DAMAGES

48.     The remote control purchased from Defendants was received in a package identifying the sender on the return address as JOHNSON, 2949 JOWETT DR, PLANO TX 75025-6571.  The remote control purchased from Defendants contained Plaintiff BOSE's WAVE® mark on the product.  The purchased remote control was inspected by Plaintiff BOSE to determine authenticity and was confirmed that the item Defendants sold was in fact a counterfeit "Wave" remote control.

49.     On March 25, 2020, in its ongoing investigation of sales of counterfeit products bearing BOSE's Marks, Plaintiff authorized the purchase of a "New Replacement BOSE WAVE Radio/CD Remote Fit AWRC-1G AWRC-1P AWRC-1W AWRC-P1" from eBay seller ID "buylowbuy" for a cost of $14.11.  The purchase was effectuated using a PayPal electronic payment account.  The PayPal transaction detail receipt for this purchase identified yong wang as the payment recipient and the contact email wangyong525@gmail.com.

50.     The remote control purchased from Defendants was received in a package identifying the sender on the return address as TINA, 2949 JOWETT DR, Plano TX 75025-6571.  The remote control purchased from Defendants contained Plaintiff BOSE's WAVE® mark on the product; however, the WAVE® mark was painted over.  The purchased remote control was inspected by Plaintiff BOSE to determine authenticity and was confirmed that the item Defendants sold was in fact a counterfeit "Wave" remote control.

51.     On April 14, 2020, in its ongoing investigation of sales of counterfeit products bearing BOSE's Marks, Plaintiff authorized the purchase of a "New Bose Wave Radio/CD Player Replace Remote Control 193334-B10" from eBay seller ID "djdream-888" for a cost of $15.12.  The purchase was effectuated using a PayPal electronic payment account.  The PayPal transaction detail receipt for this purchase identified BESIA LLC as the payment recipient.

/ / /

52.   The remote control purchased from Defendants was received in a package identifying the sender on the return address as JOHNSON, 617 Pearl St, San Gabriel CA 91776-2617.  The remote control purchased from Defendants contained Plaintiff BOSE's WAVE® mark on the product; however, the WAVE® mark was painted over.  The purchased remote control was inspected by Plaintiff BOSE to determine authenticity and was confirmed that the item Defendants sold was in fact a counterfeit "Wave" remote control.  By the fact that Defendants painted over the "Wave" mark on their product, this conduct confirms Defendants are well aware of the infringing nature of their product and attempted to conceal their infringing product and conduct.

53.   On April 14, 2020, in its ongoing investigation of sales of counterfeit products bearing BOSE's Marks, Plaintiff authorized the purchase of a "New Remote Replace for Bose Wave Radio/CD Music device AWRCC2 ,AWRCC1,AWR1B2" from eBay seller ID "electronic-888" for a cost of $7.00.  The purchase was effectuated using a PayPal electronic payment account.  The PayPal transaction detail receipt for this purchase identified BESIA LLC as the payment recipient.

54.   The remote control purchased from Defendants was received in a package identifying the sender on the return address as ROBERT, 617 Pearl St, San Gabriel CA 91776-2617.  The remote control purchased from Defendants contained Plaintiff BOSE's WAVE® mark on the product.  The purchased remote control was inspected by Plaintiff BOSE to determine authenticity and was confirmed that the item Defendants sold was in fact a counterfeit "Wave" remote control.

55.   On April 17, 2020, Plaintiff BOSE's counsel sent another certified letter to Defendants' address at 2949 Jowett Dr., Plano, TX 75025, providing Defendants with *second* notice of infringement of Plaintiff BOSE's Marks based on evidentiary buys of infringing "Wave" remote controls.  Pursuant to a signed return receipt, Defendants received Plaintiff BOSE's certified letter on April 20, 2020.

Plaintiff BOSE's counsel also sent this second notice of infringement letter via email to Defendants to their email addresses djdream888@gmail.com and wangyong0525@gmail.com.    Defendants    did    not    respond    to    these correspondences.

56.    Defendants purposely derived benefit from their interstate commerce activities by expressly targeting foreseeable purchasers in the State of California and throughout the United States.  But for Defendants' importation, selling, and distribution of counterfeit BOSE®-branded related products, Plaintiff BOSE would not have been able to make such purchases.

57.    Defendants willfully use images and names identical to Plaintiff BOSE's Marks to confuse consumers and aid in the promotion and sales of unauthorized and counterfeit products.  Defendants' willful use of Plaintiff BOSE's Marks include importing, advertising, displaying, distributing, selling and/or offering to sell unauthorized and/or counterfeit copies of BOSE®-branded related products.  Defendants' use of Plaintiff BOSE's Marks began long after Plaintiff BOSE's adoption and use of its trademarks, and after Plaintiff BOSE obtained the trademark registrations alleged above.  Neither Plaintiff BOSE nor any of its authorized agents have consented to Defendants' use of Plaintiff BOSE's Marks.

58.    Defendants' actions have confused and deceived, or threatened to confuse and deceive, the consuming public concerning the source and sponsorship of the counterfeit WAVE® products sold and distributed by Defendants.  By their wrongful conduct, Defendants have traded upon and diminished Plaintiff BOSE's goodwill.  Furthermore, the sale and distribution of counterfeit goods by Defendants have infringed upon Plaintiff BOSE's Marks.

59.    Defendants' importing, selling, distribution of, and encouraging others to import Counterfeit Goods was and is likely to cause confusion or mistake and/or to deceive consumers who purchase the Counterfeit Goods.

/ / /

60.    Defendants also imported, sold, and distributed and/or encouraged others to import for the purpose of resale within the United States, Counterfeit Goods consisting of reproductions and/or copies of products bearing Plaintiff BOSE's Marks.  Defendants' use of Plaintiff BOSE's Marks was done without its authorization.

**FIRST CAUSE OF ACTION**

**(Trademark Infringement Against Defendants BESIA, LLC; DJ DREAM ELECTRONIC, LLC; YONG WANG; and DOES 1-10, Inclusive)**

**[15 U.S.C. § 1114/*Lanham Act* § 32(a)]**

61.    Plaintiff BOSE hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

62.    Defendants' actions as described herein constitute direct, vicarious, and/or contributory trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

63.    As a proximate result of Defendants' trademark infringement, Plaintiff BOSE has been damaged in an amount to be proven at trial.  Further, Plaintiff BOSE alleges, on information and belief, that as a proximate result of Defendants' trademark infringement, Defendants have unlawfully profited in an amount to be proven at trial.

64.    At all relevant times, Defendants acted intentionally and/or willfully in using Plaintiff BOSE's Marks on the Counterfeit Goods, knowing that said Marks belong to Plaintiff BOSE, that the status of the Counterfeit Goods was in fact counterfeit, and that Defendants were not authorized to use Plaintiff BOSE's Marks on the Counterfeit Goods.  Plaintiff BOSE is therefore entitled to recovery of treble damages pursuant to 15 U.S.C. § 1117(a) and statutory damages under 15 U.S.C. § 1117(c).  Furthermore, Defendants' knowing, intentional and/or willful actions make this an exceptional case, entitling Plaintiff BOSE to an award of reasonable attorney fees pursuant to 15 U.S.C. § 1117(a).

65.     Defendants' actions also constitute the use by Defendants of a "counterfeit mark" as defined in 15 U.S.C. § 1116(d)(1)(B).  Plaintiff BOSE therefore reserves the right to elect, at any time before final judgment is entered in this case, an award of statutory damages pursuant to 15 U.S.C. § 1117(c)(1) and/or (2).

66.     The acts of direct, vicariously, and/or contributory trademark infringement committed by Defendants have caused, and will continue to cause, Plaintiff BOSE irreparable harm unless they are enjoined by this Court.

## SECOND CAUSE OF ACTION

**(False Designation of Origin, False or Misleading Advertising Against Defendants BESIA, LLC; DJ DREAM ELECTRONIC, LLC; YONG WANG; and DOES 1-10, Inclusive)**

**[15 U.S.C. § 1125 (a)]**

67.     Plaintiff BOSE hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

68.     Defendants' actions as described herein constitute direct, vicariously, and/or contributory violation of 15 U.S.C. § 1125(a)(1)(A), as such actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff BOSE and/or as to the origin, sponsorship, and/or approval of such Counterfeit Goods by Plaintiff BOSE.

69.     As a proximate result of Defendants' violation as described herein, Plaintiff BOSE has been damaged in an amount to be proven at trial.  Further, Plaintiff BOSE alleges on information and belief that, as a proximate result of Defendants' direct and/or contributory trademark infringement, Defendants have unlawfully profited, in an amount to be proven at trial.

/ / /

/ / /

70.     Defendants' acts of violating, directly, vicariously and/or contributorily, Section 1125 have caused, and will continue to cause, Plaintiff BOSE irreparable harm unless they are enjoined by this Court.

## THIRD CAUSE OF ACTION

## (Trademark Dilution Against Defendants BESIA, LLC; DJ DREAM ELECTRONIC, LLC; YONG WANG; and DOES 1-10, Inclusive)
## [15 U.S.C. § 1125(c)]

71.     Plaintiff BOSE hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

72.     Plaintiff BOSE's Marks are distinctive and famous within the meaning of the *Lanham Act*.

73.     Upon information and belief, Defendants' unlawful actions began long after Plaintiff BOSE's Marks became famous, and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiff BOSE's reputation and to dilute its Marks.  Defendants' conduct is willful, wanton, and egregious.

74.     Defendants' intentional sale of fake, pirated and counterfeit items bearing Plaintiff BOSE's Marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine products manufactured by Plaintiff BOSE.  Defendants' actions complained of herein have diluted and will continue to dilute Plaintiff BOSE's Marks, and are likely to impair the distinctiveness, strength and value of its Marks, and injure its business reputation.

75.     Defendants' acts have caused and will continue to cause Plaintiff BOSE irreparable harm.  Plaintiff BOSE has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

76.     As the acts alleged herein constitute a willful violation of section 43(c)

COMPLAINT FOR DAMAGES

of the *Lanham Act*, 15 U.S.C. § 1125(c), Plaintiff BOSE is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, 1118, and 1125(c), including Defendants' profits, treble damages, reasonable attorney's fees, costs and prejudgment interest.

## FOURTH CAUSE OF ACTION

### (Unfair Competition Against Defendants BESIA, LLC; DJ DREAM ELECTRONIC, LLC; YONG WANG; and DOES 1-10, Inclusive)

### *California Business and Professions Code § 17200 et seq.*

77.    Plaintiff BOSE hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

78.    Defendants' actions described herein constitute unlawful, unfair and/or fraudulent business acts or practices.  Defendants' actions thus constitute "unfair competition" pursuant to *California Business and Professions Code* § 17200.

79.    As a proximate result of Defendants' actions, Plaintiff BOSE has suffered an injury in fact, including without limitation, damages in an amount to be proven at trial, loss of money or property, and diminution in the value of its Marks. Plaintiff BOSE therefore has standing to assert this claim pursuant to *California Business and Professions Code* § 17204.

80.    Defendants' actions have caused, and will continue to cause Plaintiff BOSE to suffer irreparable harm unless enjoined by this Court pursuant to *California Business and Professions Code* § 17203.  In addition, Plaintiff BOSE requests that the Court order Defendants to disgorge all profits wrongfully obtained as a result of Defendants' unfair competition, and order that Defendants pay restitution to Plaintiff BOSE in an amount to be proven at trial.

/ / /

/ / /

COMPLAINT FOR DAMAGES

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff BOSE CORPORATION hereby respectfully request the following relief against Defendants BESIA, LLC; DJ DREAM ELECTRONIC, LLC; YONG WANG; and DOES 1-10, Inclusive, and each of them as follows:

1. For an award of Defendants' profits and Plaintiff BOSE's damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1117(a);

2. For an award of Defendants' profits and Plaintiff BOSE's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

3. For an award of Defendants' profits and Plaintiff BOSE's damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. § 1125(c);

4. In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiff BOSE's Marks pursuant to the *Lanham Act*, for statutory damages pursuant to 15 U.S.C. § 1117(c), which election it will make prior to the rendering of final judgment;

5. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *California Business and Professions Code* § 17200;

6. For an injunction by this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any mark or other intellectual property right of Plaintiff BOSE; acts of trademark infringement or dilution; false designation of origin; unfair

COMPLAINT FOR DAMAGES

competition; and any other act in derogation of Plaintiff BOSE's rights;

7.  For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants complied with his/her/their/its legal obligations, or as equity requires;

8.  For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff BOSE; for an order from the Court preventing Defendants' transferring or disposing of any money or tangible assets until further order from the Court; for an order from the Court such that any banks, savings and loan associations, credit unions, credit card payment processors, merchant accounts, or other financial institutions, shall immediately locate all accounts connects to Defendants and shall be restrained and enjoined from transferring or disposing of any money or other tangible assets of Defendants until further order from this Court;

9.  For an order pursuant to 15 U.S.C. § 1118 requiring Defendants to forfeit to Plaintiff BOSE all labels, signs, prints, packaging, advertisements, and marketing material, in addition to any reproduction, counterfeit copy, or colorable imitation thereof, and all plates, molds, matrices, or other means of the same connected or related to Defendants' Counterfeit Goods that bear Plaintiff BOSE's Marks for destruction.

10. For an award of exemplary or punitive damages in an amount to be

COMPLAINT FOR DAMAGES

determined by the Court;

11.   For Plaintiff BOSE's reasonable attorney's fees;

12.   For all costs of suit;

13.   For such other and further relief as the Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff BOSE respectfully demand a trial by jury in this action pursuant to Local Rule 38-1.

DATED: May 12, 2020            JOHNSON & PHAM, LLP


                               By:   /s/ Christopher Q. Pham
                               Christopher Q. Pham, Esq.
                               Christopher D. Johnson, Esq.
                               Marcus F. Chaney, Esq.
                               Hung Q. Pham, Esq.

                               Attorneys for Plaintiff
                               BOSE CORPORATION

COMPLAINT FOR DAMAGES